**AFFIRM; and Opinion Filed August 17, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-15-00776-CV
_____

**KSADD, LLC, Appellant**
**V.**
**JOAN WILLIAMS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-03455-D**

## MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and O'Neill[1]
Opinion by Justice O'Neill

The trial court denied KSADD, LLC's motion to dismiss under Chapter 74 of the Texas Civil Practice and Remedies Code. In a single issue, appellant contends the trial court erred by denying its motion to dismiss because Joan Williams's claims are health care liability claims and she failed to file an expert report. We overrule appellant's issue and affirm the trial court's order denying appellant's motion to dismiss.

### Background

Appellant is the landlord for North Texas Team Care Surgery Center. The surgery center delegates its respective safety duties for the facility and its fixtures to appellant. Dr. Nagaraj

_____

[1] The Hon. Michael J. O'Neill, Justice, Court of Appeals. Fifth District of Texas at Dallas, Retired, sitting by assignment.

Kikkeri owns the surgery center and Kikkeri International, P.A., d/b/a Advance Pain Solutions. Appellee is the friend of a patient who was treated at the surgery center.

Appellee agreed to take her friend home after a surgical procedure. Appellee arrived at the surgery center to pick up her friend as scheduled. According to appellee, as she walked through the front entrance of the surgery center, the automatic doors malfunctioned and hit her knocking her to the ground.

Appellee filed suit against Dr. Kikkeri, Kikkeri International, P.A., d/b/a Advanced Pain Solutions ("APS"), NTTCSC, and appellant asserting negligence and premises liability claims.[2] Later, appellant filed a motion to dismiss under Chapter 74 of the Texas Civil Practices and Remedies Code asserting appellant is a healthcare provider, and that appellee's claims against appellant were "health care liability claims" under Chapter 74. Thus, according to appellant, appellee's failure to timely serve the statutorily required expert report mandates dismissal of the claims against appellant.

In the motion to dismiss, appellant argues because appellee agreed to be the responsible adult assigned to pick up her friend after a procedure, and the incident happened at the surgery center, her suit is a health care liability claim. Appellee responded to the motion to dismiss and argued that appellant had never: (1) provided health care services; (2) held a medical license; (3) or treated a patient. Moreover, appellee said she had never been a patient of Dr. Kikkeri, nor was she ever treated at the surgery center. Appellee maintains that because her claims against appellant were not health care liability claims, she was not required to serve an expert report, and dismissal was not proper under Chapter 74.

Appellee also argues that the doors in question were not specifically designed for the health care industry. The doors installed at the surgery center were manufactured by Stanley

---

[2] Appellee non-suited Dr. Nagaraj Kikkeri, Kikkeri International, P.A., d/b/a Advanced Pain Solutions ("APS"), and NTTCSC.

Access Technologies, and are automatic swing door operator systems. Appellee alleges Stanley Access Technologies' website indicates that these doors are "beneficial for any commercial, retail, or industrial environment." Appellee argues these doors can be found in non-healthcare environments, such as banks and grocery stores. According to appellee, although Stanley Access Technologies does manufacture automatic doors for intensive care units, hospitals, and other healthcare facilities, the doors at the surgery center were not the specialized models.

Following a hearing, the trial court denied appellant's motion to dismiss. This appeal followed.

### Standard of Review

Determining whether a claim is a health care liability claim requires us to construe the Texas Medical Liability Act. *See Loaisiga v. Cerda*, 379 S.W.3d 248, 255 (Tex. 2012). Such determinations are a question of law that we review de novo. *Id*.; *Ross v. St. Luke's Episcopal Hospital*, 462 S.W.3d 496, 501 (Tex. 2015). In making this determination, we consider the record as a whole, the pleadings, and the factual allegations contained therein. *Loaisiga,* 379 S.W.3d at 255. Chapter 74 of the Texas Civil Practice and Remedies Code defines "health care liability claim" as

> a cause of action against a health care provider for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(13) (West Supp. 2015). If a claim is a health care liability claim, the claimant must serve one or more expert reports in compliance with the statute or risk having her claim dismissed. *Id*. § 74.351.

## Discussion

In a single issue, appellant argues the trial court erred by denying its motion to dismiss. In support of its position that appellee's claims are health care liability claims, appellant relies, in part, on *Ross*.

In *Ross*, the supreme court determined that for a safety standards-based claim to be an health care liability claim, there must be a substantive nexus between the safety standards allegedly violated and the provision of health care. *Id*. at 504. The pivotal issue in making this determination is whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety. *Id*. It is not sufficient, in other words, merely that the defendant is a health care provider or that the alleged injury-producing conduct occurred in a health care setting.

Because the line between a safety standards-based claim that is not a health care liability claim and one that is a health care liability claim may not always be clear, the supreme court provided the following "non-exclusive considerations" to analyze whether such a claim is a healthcare liability claim:

1. Did the alleged negligence of the defendant occur in the course of the defendant's performing tasks with the purpose of protecting patients from harm;

2. Did the injuries occur in a place where patients might be during the time they were receiving care, so that the obligation of the provider to protect persons who require special, medical care was implicated;

3. At the time of the injury was the claimant in the process of seeking or receiving health care;

4. At the time of the injury was the claimant providing or assisting in providing health care;

5. Is the alleged negligence based on safety standards arising from professional duties owed by the health care provider;

–4–

6. If an instrumentality was involved in the defendant's alleged negligence, was it a type used in providing health care; or

7. Did the alleged negligence occur in the course of the defendant's taking action or failing to take action necessary to comply with safety-related requirements set for health care providers by governmental or accrediting agencies? *Id.* at 505

In *Ross*, the supreme court analyzed the claim taking into account the foregoing questions and determined the answer to each question was "no." *Id.* The supreme court concluded Ross's claim was based on safety standards that had no substantive relationship to the hospital's providing of healthcare, and that her claim was not a healthcare liability claim. *Id.* Because Ross's claim was not a healthcare liability claim, she was not required to serve an expert report under chapter 74 to avoid dismissal of her suit. *Id.*

*Ross* compels the same conclusion here. The record before this Court does not reflect the doors that hit appellee were opened in the course of performing tasks for the purpose of protecting patients from harm. Rather, the doors malfunctioned as appellee was entering the building, and no health care professionals were present at the time. The location of the incident was not a place where the surgery center's duties to protect patients would have been implicated. Appellee was injured as she entered the building. Moreover, she was not in the process of seeking or receiving health care or providing or assisting in its provision. Appellee was not a patient; she was at the surgery center to pick up and transport her friend home. The surgery center's alleged negligence due to the doors malfunctioning was not based on safety standards arising from professional duties it owed as a health care provider. The automatic doors installed at the surgery center were not a type used in providing health care. Instead, the evidence shows the doors were the type used in all types of public buildings, such as banks and grocery stores. Finally, the record does not show that the automatic doors malfunctioned in the course of the

surgery center taking action or failing to take action necessary to comply with safety-related requirements set for health care providers by governmental or accrediting agencies.

After reviewing the *Ross* considerations, we conclude the record does not show a substantive nexus between any alleged violation of safety standards and the providing of health care. *See Galvan v. Memorial Hermann Hosp. Sys.*, 476 S.W.3d 429, 433 (Tex. 2015) (no substantive nexus between alleged violation of safety standard and provision of health care where visitor slipped on wet floor in hospital hallway); *Seton Family of Hospitals d/b/a Seton Med. Ctr. v. Haywood*, No. 03-13-00817-CV, 2015 WL 4603594, *2 (Tex. App.—Austin, July 29, 2015, no pet.) (mem. op.) (no substantive nexus between alleged violation of safety standard and provision of health care where visitor to hospital injured when employee activated automatic door, knocking visitor to ground); *East El Paso Physicians Med. Ctr., LLC v. Vargas*, No. 08-13-00358-CV, 2014 WL 5794622, *6 (Tex. App—El Paso, Nov. 7, 2014, pet. denied) (no substantive nexus between alleged violation of safety standard and provision of health care where hospital patron injured where automatic doors at hospital entrance closed on her walker, injuring her shoulder).  Thus, we conclude appellee was not required to serve an expert report to avoid dismissal of her suit, and the trial court did not err by denying appellant's motion to dismiss.

We affirm the trial court's order denying appellant's motion to dismiss.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

150776F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KSADD, LLC, Appellant

No. 05-15-00776-CV          V.

JOAN WILLIAMS, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas

Trial Court Cause No. CC-14-03455-D.

Opinion delivered by Justice O'Neill.

Justices Fillmore and Stoddart participating.

       In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

       It is **ORDERED** that appellee JOAN WILLIAMS recover her costs of this appeal from appellant KSADD, LLC.

Judgment entered this 17th day of August, 2016.